UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAMILYN ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-CV-3083 |
| | ) | |
| STATE OF ILLINOIS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently an inmate within the Illinois Department of Corrections at the Logan Correctional Center ("Logan"), was granted leave to proceed *in forma pauperis*. The Court conducted a merit review of the plaintiff's original complaint and determined that her complaint failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915A. Specifically, the Court held that the complaint failed to state a claim because the plaintiff had failed to name a person as a defendant who is amenable to a § 1983 suit and because the plaintiff had not alleged any conduct that amounted to a deprivation of rights, privileges, or immunities under the Constitution or the laws of the United States.

However, the Court gave the plaintiff leave to file an amended complaint. The plaintiff's proposed amended complaint is now before the Court for a merit review.

In her amended complaint, the plaintiff attempts to comply with the Court's Merit Review Order by identifying three people as defendants: (1) B. Calhoun (an assistant warden at Logan); (2) Lisa Johnson (the health care unit administrator at Logan); and (3) Ja'Cole Hinckle (the medical director at Logan). The plaintiff contends that she suffers from an eye condition that significantly impairs her vision. As a result of her impaired vision, the plaintiff alleges that a doctor has given her a prescription for rewetting drops for her eyes and has given her a prescription that allows her

1

to use a key for her lock box.[1] Despite having this prescription from a medical provider, the plaintiff contends that the defendants will not provide her with a key lock or with rewetting drops.

Although the plaintiff does not specifically allege what each defendant did or did not do that allegedly deprived her of her Constitutional rights, the Court is cognizant that *pro se* complaints are to be construed liberally. Therefore, the Court will allow this case to proceed on a deliberate indifference claim, *i.e.*, that defendants allegedly interfered with or deprived the plaintiff of the prescription provided to her by a doctor.

The plaintiff should understand that, in order to be held liable under § 1983, a defendant must have been personally involved in the alleged Constitutional deprivation. If the named defendant(s) was not personally involved, then the plaintiff's claim against that defendant(s) could be subject to summary dismissal. At this point, however, the Court will allow the plaintiff's deliberate indifference claim to proceed.

IT IS, THEREFORE, ORDERED:

1. The plaintiff's motion for leave to file amended complaint [9] is granted.

2. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states an Eighth Amendment deliberate indifference claim against Defendants B. Calhoun, Lisa Johnson, and Ja'Cole Hinckle. Any additional claims shall not be included in the case except at the Court's discretion and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. The Clerk of the Court is directed to add B. Calhoun, Lisa Johnson, and Ja'Cole Hinckle as party Defendants and to effect service of process upon them at the Logan Correctional Center pursuant to the Court's standard procedures.

---

[1] Evidently, other inmates use a combination lock for their lock boxes, but the plaintiff has a key on her lock because she had difficulty seeing the numbers on a combination lock.

4.      The Clerk of the Court is further directed to dismiss all other named Defendants for failure to state a claim against them upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. Pro. 12(b)(6).

5.      This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

6.      The Court will attempt service on the defendants by mailing the defendants a waiver of service.  The defendants have sixty (60) days from the date the waiver is sent to file an answer.  If the defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

7.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

8.      The defendants shall file an answer within sixty (60) days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

9. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail her discovery requests and responses directly to the defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

10. Counsel for the defendants is hereby granted leave to depose the plaintiff at her place of confinement. Counsel for the defendants shall arrange the time for the deposition.

11. The plaintiff shall immediately notify the court, in writing, of any change in her mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12. If a defendant fails to sign and return a waiver of service to the clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 1st day of August, 2019


       /s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE